IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICHARD L. CHRISTY,**

                      **Plaintiff,**

     v.                              CASE NO.08-3256-SAC

**CORRECTIONS CORPORATION OF AMERICA,**
**et al.,**

                      **Defendants.**

**O R D E R**

This matter is before the court on a civil complaint filed pro se by plaintiff while he was confined in a detention facility operated by the Corrections Corporation of America (CCA) in Leavenworth, Kansas (CCA-LVN). Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, without prepayment of the district court filing fee.

*Motion for Leave to Proceed In Forma Pauperis*

Having considered the plaintiff's motion, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

*Screening of the Complaint, 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

Plaintiff's pro se complaint, submitted as seeking relief under 28 U.S.C. § 1983, names the following defendants: CCA, Shelton Richardson as the CCA-LVN Warden, Dr. McCandles as a mental health physician at CCA-LVN, and two "John Doe" United States Marshal Service (USMS) transportation officers. To state an actionable claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Bruner v. Baker, 506 F.3d 1021, 1025-26 (10th Cir. 2007)(*quotation omitted*).

In the present case, plaintiff appears to seek relief on the following claims.

A. USMS Defendants

Plaintiff states he was unable to go to the bathroom prior to being transported by the United States Marshal Service from an Iowa jail to the CCA facility in Kansas in September 2008, and as a result he claims he suffered great pain and then humiliation when he was unable to contain his urine and bowels during that transport. Plaintiff also claims he and other prisoners were not seat belted during the transport, which violated regulations and was a breach of

the officers' duty of care.

There is no legal basis for finding the unnamed USMS officers acted under "color of *state* law" for the purposes of stating a claim for relief under 42 U.S.C. § 1983. Even if the complaint were to be liberally construed as a Bivens action,[1] plaintiff's allegations against the transporting officers are insufficient on their face to state any plausible claim of constitutional deprivation. The court thus finds the two "John Doe" USMS Officers are subject to being summarily dismissed from the complaint.

B. CCA-LVN Defendants

As to plaintiff's allegations against the CCA-LVN defendants, plaintiff appears to seek damages on the following claims.

Plaintiff first claims Dr. McCandles mis-diagnosed plaintiff in 2006 as having a mental health problem for which plaintiff was treated until his release in 2007. After his release, plaintiff states a private doctor disagreed with that diagnosis. Upon plaintiff's return to CCA-LVN, plaintiff refused to take mental health medication again prescribed by Dr. McCandles, which resulted in plaintiff being placed in segregation on a medical hold based upon Dr. McCandles' assessment that plaintiff was homicidal. Plaintiff disputes that assessment, and complains of being forced to

---

[1] *Compare* Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)(recognizing a private right of action in favor of victims of constitutional violations committed by *federal* agents in the performance of their official duties). Bivens suits are the federal analogue to suits brought against state officials pursuant to 42 U.S.C. § 1983. Hartman v. Moore, 547 U.S. 250, 255 n. 2 (2006).

take unnecessary medication pursuant to the 2006 mis-diagnosis. He alleges medical malpractice by Dr. McCandles, and claims his segregated confinement for refusing medication for a condition that did not exist was cruel and unusual punishment.

Plaintiff next claims his right of access to the courts was violated by an unnamed CCA-LVN officer requiring plaintiff, pursuant to CCA regulations, to submit his outgoing mail to the District of Iowa clerk's office unsealed. He also claims his request to a CCA-LVN Chaplain for a Bible and material related to plaintiff's religion (Aryan Nation) was unlawfully denied.

The court first finds CCA should be dismissed as a defendant. Even if the complaint were to be construed as a Bivens action, the Supreme Court has determined that Bivens implies no private right of action for damages against private entities, such as CCA, engaged in alleged constitutional violations while acting under color of federal law. Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001).

Additionally, plaintiff's allegations against the two individual CCA-LVN defendants are insufficient to plausibly establish any violation of plaintiff's constitutional rights, even if plaintiff were able to proceed under Bivens against these defendants in their individual capacity.[2] Plaintiff may not rely on

---

[2]Neither Dr. McCandles nor Warden Richardson acted "under color of state law" for the purpose of stating any claim for relief under 42 U.S.C. § 1983. While Malesko did not address or decide whether a plaintiff could bring a Bivens action against CCA employees in their individual capacity for alleged constitutional violations, courts are not allowing Bivens actions against such employees if the

4

the doctrine of respondeat superior to hold the CCA-LVN Warden liable by virtue of that defendant's supervisory position.[3] Rizzo v. Goode, 423 U.S. 362 (1976). Nor is plaintiff's disagreement with Dr. McCandles' recent diagnosis and treatment sufficient to state a cognizable constitutional claim of deliberate indifference to plaintiff's medical needs. Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 811 (10th Cir. 1999)(the "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation").

*Notice and Show Cause Order to Plaintiff*

For these reasons, the court directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief.[4]  See 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may

---

plaintiff has an alternative cause of action for damages under state or federal law, such as negligence and medical malpractice. See Peoples v. CCA Detention Centers, 422 F.3d 1090, 1096-1103 (10th Cir. 2005); Lindsey v. Bowlin, 557 F.Supp.2d 1225 (D.Kan. 2008).

[3] It appears the CCA-LVN Warden is the only CCA employee named as a defendant who is relevant to plaintiff's allegation of being denied a Bible as requested, and to plaintiff's allegation concerning his legal mail.

[4] Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). The failure to file a timely response may result in the complaint being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that payment of the $350.00 district court filing fee is to proceed as authorized by 28 U.S.C. § 1915(b)(4).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

Copies of this order are to be sent to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 8th day of April 2009 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge